# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 15-2455 BLS

Lazo, et al. , Plaintiff(s)

v.

Sodexo, Inc. , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Robert Messinger, Esq. plaintiff's attorney, whose address is 91 Winter St. 5th Flr. Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the ___14th___ day of ___August___, in the year of our Lord two thousand ___15___.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P. 1 12M - 1/15

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
DEPARTMENT OF THE TRIAL
COURT

TRACEY LAZO; JAMEN HARPER
MUSTAPHA JARRAF;
And all others similarly situated,

Plaintiffs,

v.

SODEXO, INC.;

Defendant.

15-2455 BLS

RECEIVED
AUG 14 2015
SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK MAGISTRATE

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs Tracey Lazo, Jamen Harper and Mustapha Jarraf, for their class complaint against Defendant Sodexo, Inc., state as follows:

## JURISDICTION AND VENUE

1. This action arises under Massachusetts General Laws Chapters 149, § 152A; 149, § 100, and breach of contract under common law.

2. This Court has original jurisdiction over this action, as it is a civil action where more than $25,000 is at issue.

3. Venue in Suffolk Superior Court's Business Litigation Session ("BLS") is proper because the facts underlying this class action are complex and are particular to a large class of current and former employees of Defendant Sodexo, Inc. ("Sodexo").

## PARTIES

4. Plaintiff Tracy Lazo ("Ms. Lazo") is an adult resident of Lynn, MA. Ms. Lazo is a former employee of Sodexo. Sodexo employed Ms. Lazo as a wait staff employee in Massachusetts from May 2008 until June 2015.

5. Plaintiff Jamen Harper ("Mr. Harper") is an adult resident of Cambridge, MA. Sodexo employed Mr. Harper as a wait staff employee in Massachusetts from November 2014 until May 2015.

6. Plaintiff Mustapha Jarraf ("Mr. Jarraf") is an adult resident of Lynn, MA. Mr. Jarraf started working for Sodexo in Massachusetts in January 2008 and is still employed by the company as a wait staff employee and service bartender.

7. The Plaintiffs bring two independent class action complaints on behalf of themselves and all other similarly situated individuals, namely all other Sodexo wait staff employees and service bartenders in Massachusetts who:

- Have not and/or are not receiving all of the tips and/or service charges to which they were and/or are entitled as those terms are defined by M.G.L.c. 149, § 152A *et seq*; and

- Did not and/or are not receiving a full 30-minute meal break each time that they work continuously for six hours.

8. Defendant Sodexo is a foreign corporation with a principal place of business located at 9801 Washingtonian Boulevard, Gaithersburg, MD 20878. Sodexo owns and/or operates various hospitality venues and provides third-party catering and dining services at multiple independent venues in Massachusetts.

2

## CAUSES OF ACTION

9. This complaint sets forth two separate and distinct class action claims, as well as, three individual discrimination claims brought by Ms. Lazo, Mr. Jarraf and Mr. Harper, (the "Plaintiffs") respectively.

### Class Action No. 1

10. The Plaintiffs bring Class Action No. 1 on behalf of themselves and all other similarly situated wait staff employees and service bartenders who Sodexo employs in Massachusetts based on Sodexo's failure to distribute the full proceeds of service charges and/or tips to these wait staff and service bartender employees as required by Massachusetts' law.

11. Sodexo automatically charges its patrons an "Administrative Charge" for all of its catering, event, and dining services. See Exhibit A. Sodexo does not provide its patrons with a designation or written description informing them that the "Administrative Charge" does not represent a tip or service charge for wait staff employees or service bartenders. Although Sodexo does not provide its patrons with such a designation or written description, Sodexo still retains all monies collected from the automatic "Administrative Charge" in direct violation of M.G.L.c. 149, § 152A *et seq*. Id.

### Class Action No. 2

12. The Plaintiffs bring Class Action No. 2 on behalf of themselves and all other similarly situated wait staff employees and service bartenders who Sodexo employed and/or currently employs and failed and/or fails to provide with their statutorily mandated meal breaks pursuant to M.G.L.c. 149, § 100. Based on Sodexo's breach of

this implied contract, the Plaintiffs seek compensatory damages on behalf of themselves and all other similarly situated wait staff employees and service bartenders.

**Individual Claims**

13. The remaining claims are discrimination claims that are exclusive to Ms. Lazo, Mr. Jarraf, and Mr. Harper, respectively.

## STATEMENT OF FACTS RELATED TO CLASS ACTIONS NO. 1 & NO. 2

14. The Plaintiffs have personal and specific knowledge that Sodexo has a company policy and/or practice of charging its patrons an "Administrative Charge" for food and/or event services and that Sodexo does not remit all of the monies collected from this automatic charge to its wait staff employees and/or service bartenders.

15. Sodexo retains all of the monies collected from the "Administrative Charge" despite the fact that it does not provide any designation or written description to patrons informing them that the "Administrative Charge" does not represent a tip or service charge for wait staff employees or service bartenders as required by M.G.L.c. 149, §. 152A(d). See Exhibit A.

16. As a result of defendant Sodexo's failure to remit the total proceeds of the "Administrative Charge" to the Plaintiffs and all other wait staff employees and service bartenders in proportion to the services provided by them, these employees have been deprived of compensation to which they are statutorily entitled.

17. Additionally, the Plaintiffs and other similarly situated wait staff employees and service bartenders consistently work continuously for six or more hours and Sodexo has failed and/or fails to provide these employees with a full 30-minute meal break when they worked continuously for six hours, as was and/or is their statutory right.

4

18.     Finally, the Fair Labor Division of the Massachusetts Attorney General's Office issued the Plaintiffs "right to sue" letters authorizing them to pursue this private right of action on behalf of themselves and all other similarly situated Sodexo employees.

## CLASS ACTIONS: FAILURE TO PAY SERVICE BARTENDERS AND SERVICE WORKERS SERVICE CHARGES/TIPS AND FAILURE TO PROVIDE MEAL BREAKS
(M.G.L.c. 149, § 152A and M.G.L.c. 149, § 100)

19.     The Plaintiffs bring Class Action No. 1 pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of themselves and all other similarly situated wait staff employees and service bartenders who Sodexo employed and/or currently employs in Massachusetts and who did not and/or have not received all of the service charges and/or tips to which they are entitled. The Plaintiffs seek statutorily mandated treble damages, attorneys' fees, interest, and costs.

20.     The Plaintiffs bring Class Action No. 2 pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of themselves and all other similarly situated wait staff workers and service bartenders who Sodexo employed and/or currently employs in Massachusetts and who did not receive a full 30-minute meal break when they worked continuously for six hours at a time.

21.     The putative members of Class Action No. 1 and Class Action No. 2 are sufficiently numerous that joinder of all members is impracticable. Upon information and belief, the class will exceed 100 wait staff employees and / or service bartenders..

22.     There are questions of law and fact common to all putative members of Class Actions No. 1 and No. 2. Such common questions of law and fact include, without limitation:

- Whether Sodexo violated Massachusetts state law by failing to remit to

its wait staff employees and service bartenders all of the tips and/or service charge/tips that they are and/or were entitled to receive and, instead, retained the tips and/or service charges for itself;

- Whether Sodexo violated Massachusetts state law by failing to provide its wait staff employees and service bartenders with a 30-minute meal break for every six hours that they worked; and

- Whether compensatory damages, treble damages, attorneys' fees, interest, and/or costs for the members of the class are warranted.

23. The Plaintiffs are members of the putative classes that they seek to represent.

24. As detailed above, the Plaintiffs are and/or were wait staff employees who Sodexo employed in Massachusetts.

25. Furthermore, Sodexo did not pay the Plaintiffs and all other similarly situated wait staff employees and service bartenders all of the service charges and/or tips to which they were and/or are entitled to and, instead, retained these monies.

26. Similarly, Sodexo failed to provide the Plaintiffs and all other similarly situated service bartenders and wait staff employees with a 30-minute meal break when these employees worked continuously for six hours, as was their statutory right.

27. Lastly, the Plaintiffs will fairly and adequately represent and protect the interests of the putative classes.

### STATEMENT OF FACTS REGARDING MR. JARRAF'S DISCRIMINATION CLAIMS

28. Mr. Jarraf is a Moroccan male.

29. Mr. Jarraf began working for Sodexo in 2008.

30. In or about 2011 Jayne Oslund ("Ms. Oslund"), who is white, became Mr. Jarraf's supervisor.

6

31. During the first week of November 2014, Mr. Jarraf was working with a dishwasher named "Jason" (white). "Jason" became upset with Mr. Jarraf because he was allegedly not putting the glasses in the correct areas. As a result of this conflict, "Jason" loudly swore at Mr. Jarraf numerous times and stormed away.

32. Mr. Jarraf immediately reported this incident to Ms. Oslund. Ms. Oslund refused to terminate "Jason" – which is a direct violation of Sodexo's express written policy of terminating employees for using profane language in the workplace.

33. On or about November 17, 2014, Mr. Jarraf returned eight minutes late from his lunch break with Ms. Lazo and Mr. Harper -- also minorities. Ms. Oslund chastised and verbally reprimanded Mr. Jarraf for returning late from lunch. Notably, white employees are frequently late when returning from lunch but are never verbally reprimanded.

34. Following this incident, Ms. Oslund told Mr. Jarraf that he was no longer permitted to eat lunch with Ms. Lazo and Mr. Harper. No white employees have ever been told that they cannot eat together.

35. Ms. Oslund maintains a strict policy with respect to the minority wait staff employees that requires them to punch in and out for each and every meal break. It should be noted; white kitchen workers are frequently allowed to take breaks without punching out.

35. Thereafter, Mr. Jarraf was told that no one in his department would receive work hours in and around the Thanksgiving holiday because business would be slow. Mr. Jarraf was later informed that the aforementioned "Jason" received hours during this time period. When Mr. Jarraf questioned why "Jason" was given work hours

and he was not. Sodexo's management did not address the matter and instead simply told him to "let it go."

### STATEMENT OF FACTS EXCLUSIVE TO MS. LAZO'S DISCRIMINATION CLAIMS

36. Ms. Lazo is a Hispanic female.

37. In or about 2011, Ms. Oslund became Ms. Lazo's supervisor.

38. On or about November 17, 2014, Ms. Lazo returned eight minutes late from her lunch break with Mr. Jarraf and Mr. Harper – who are also minorities. Ms. Oslund chastised and verbally reprimanded Ms. Lazo for returning late from lunch. Notably, other white employees are frequently late when returning from lunch but are never verbally reprimanded.

39. Following this incident, Ms. Oslund told Ms. Lazo that she was no longer permitted to eat lunch with Mr. Jarraf and Mr. Harper. No white employees have ever been told that they cannot eat together.

40. Ms. Oslund maintains a strict policy with respect to the minority wait staff employees that requires them to punch in and out for each and every meal break. It should be noted; white kitchen workers are frequently allowed to take breaks without punching out.

41. On or about November 20, 2014, Ms. Lazo was issued a "written coaching" for being late despite the fact that she had arrived on time for her shift but did not punch in because she was waiting for her supervisor to arrive.

42. Additionally, Ms. Lazo was frequently reprimanded for minor issues while white employees frequently underperformed and were not subjected to discipline.

## STATEMENT OF FACTS EXCLUSIVE TO MR. HARPER'S DISCRIMINATION CLAIMS

43. Mr. Harper is a black male.

44. On or about November 17, 2014, Mr. Harper returned eight minutes late from his lunch break with Mr. Jarraf and Ms. Lazo who are also minorities. Ms. Oslund chastised and verbally reprimanded Mr. Harper for returning late returning from lunch. Notably, other white employees are frequently late when returning from lunch but are never verbally reprimanded.

45. Following this incident, Ms. Oslund told Mr. Harper that he was no longer permitted to eat lunch with Mr. Jarraf and Mr. Harper. No white employees have ever been told that they cannot eat together as a disciplinary action.

46. Ms. Oslund maintains a strict policy with respect to the minority wait staff employees that requires them to punch in and out for each and every meal break. It should be noted; white kitchen workers are frequently allowed to take breaks without punching out.

47. Additionally, Mr. Harper was frequently reprimanded for minor issues while white employees frequently underperformed and were not subjected to discipline.

48. Lastly, Mr. Harper was, incredibly, called a "nigger" by a white supervisor at Sodexo.

9

## COUNT I
### (Violation of M.G.L.c. 149, § 152A)
*As to all Plaintiffs as well as all similarly situated wait staff employees and service bartenders*

49. The Plaintiffs incorporate paragraphs 1 through 48 above as if fully set forth herein.

50. Sodexo has a company policy and/or practice of charging its patrons an "Administrative Charge" for food and beverages and/or event services.

51. Sodexo does not remit all of the funds collected from this automatic charge to its wait staff employees and/or service bartenders and instead retains these monies for itself.

52. Sodexo retains the funds collected from the "Administrative Charge" despite the fact that it does not provide its patrons with any written designation or description informing them that the "Administrative Charge" does not represent a tip or service charge for wait staff employees or service bartenders as required by M.G.L.c. 149, §. 152A(d).

53. As a result of defendant Sodexo's failure to remit the total funds of the "Administrative Charge" to the Plaintiffs and all other similarly situated wait staff employees and service bartenders in proportion to the services provided by them, these employees have been deprived of compensation to which they are entitled and, therefore, they have suffered financial damages in an amount to be proven at trial plus further consequential damages.

## COUNT II
### (Violation of M.G.L.c. 149, § 100 -- Breach of Contract)
*As to all Plaintiffs and all similarly situated wait staff employees and service bartenders*

10

54. The Plaintiffs incorporate paragraphs 1 through 53 above as if fully set forth herein.

55. Sodexo had/has a statutory duty to provide each wait staff employee and service bartender with a 30-minute minute meal break each time that they work continuously for six or more hours.

56. Despite this express statutory requirement, Sodexo has failed to provide the Plaintiffs and all other similarly situated wait staff employees and service bartenders with a full 30-minute break each time they worked continuously for six hours.

57. As a direct consequence of Sodexo's failure to provide the Plaintiffs and other wait staff employees and/or service bartenders with a 30-minute meal break for every continuous six hours that they worked, they have suffered financial damages in an amount to be proven at trial plus further consequential damages.

### COUNT III
### (Violation of M.G.L.c. 151B § 4(1))
### As to Plaintiff Mr. Jarraf

58. Paragraphs 1 through 57 above as if fully set forth herein.

59. As detailed above, Sodexo engaged in racial discrimination against Mr. Jarraf.

60. Specifically, Mr. Jarraf was treated differently by Sodexo than his white counterparts with respect to the terms, conditions and privileges of his employment.

61. As a direct consequence of Sodexo's racial discrimination, Mr. Jarraf has suffered damages including, without limitation, economic loss, mental anguish, and pain and suffering in an amount to be determined at trial.

## COUNT IV
### (Violation of M.G.L.c. 151B § 4(1))
As to Plaintiff Ms. Lazo

62. Paragraphs 1 through 60 are hereby incorporated above as if fully set forth herein.

63. As detailed above, Sodexo engaged in racial discrimination against Ms. Lazo.

64. Specifically, Sodexo treated Ms. Lazo differently than the other white employees with respect to the terms, conditions and privileges of her employment.

65. As a direct consequence of Sodexo's racial discrimination, Ms. Lazo has suffered damages including, without limitation, economic loss, mental anguish, and pain and suffering in an amount to be determined at trial.

## COUNT V
### (Violation of M.G.L.c. 151B § 4(1))
As to Plaintiff Mr. Harper

66. Paragraphs 1 through 65 above are hereby incorporated as if fully set forth herein.

67. As detailed above, Sodexo engaged in racial discrimination against Mr. Harper.

68. Specifically, Sodexo treated Mr. Harper differently from white employees with respect to the terms, conditions and privileges of his employment.

69. As a direct consequence of Sodexo's racial discrimination, Mr. Harper has suffered damages including, without limitation, economic loss, mental anguish, as well as pain and suffering in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

The Plaintiffs request a jury trial on all issues so triable.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs request that the Court enter the following relief:

1. Restitution of all service charges not properly distributed to employees;

2. An injunction ordering the Defendant to comply with M.G.L.c. 149, § 152A and M.G.L.c. 149, § 100.

3. Statutory trebling of all damages to which the employees may be entitled;

4. Attorneys' fees and costs; and

5. Any other relief to which the employees may be entitled.

>                   PLAINTIFFS TRACEY LAZO; JAMEN
>                   HARPER; and MUSTAPHA JARRAF,
>
>                   By their attorneys,
>
>                   _____
>                   Robert Messinger BBO #651396
>                   Brook S. Lane BBO #678742
>                   John P. Regan, Jr. BBO #684326
>                   Regan, Lane & Messinger LLP
>                   41 Winter Street, Fifth Floor
>                   Boston, MA 02108
>                   P: (857) 277-0902
>                   F: (617) 778-9742
>                   Rob@reganlanemessinger.com
>                   Blane@reganlanemessinger.com
>                   John@reganlanemessinger.com

Dated: August 14, 2015


Ex. A

**sodexo** Executive Catering and Dining
at 1 Lincoln
1 Lincoln Street, Boston, MA 02110
(617) 664-7334

INVOICE #48325
Thursday, 12/18/2014
Ordered On: 11/4/2014
Last Modified: 12/12/2014 4:54:38 PM

Confirmed

Customer Information
**First Name:** K & L
**Last Name:** Gates
**Email:** Christine.Dolan@klgates.com
**Phone:** 617-261-3248

Payment Information
**Payment Type:** Kirkpatrick PO

Delivery / Pickup Information
**Select Location:** Executive Catering and Dining at 1 Lincoln
**Method:** Delivery On Site
**Event Contact:** K & L Gates
**Contact Phone:** 617-261-3248
**Event Purpose:** Evening Reception
**Floor:** 20
**Room Name:** A & B

Event Information
**Guest Count:** 120
**Pick-up/ Delivery Date:** Thursday, 12/18/2014
**Food Delivery Time:** 3:45 PM
**Food Clean-up Time:** 7:00 PM

| FOOD | Qty. | Price | Ext. |
|---|---|---|---|
| **Hot & Cold Hors**<br>Lobster Phyllo<br>Beef Wellington<br>Coney Island Dog<br>Asiago Puff Pastry with Asparagus<br>Chicken Empanada<br>baby red potatoes stuffed with camberet cheese and crisp proscuitto | 600 | $3.25 | $1,950.00 |

| BEVERAGES | Qty. | Price | Ext. |
|---|---|---|---|
| **Coffee and Tea Service**<br>Seattle Best Coffee for 20<br>Tea for 20 | 20 | $1.99 | $39.80 |

| OTHER | Qty. | Price | Ext. |
|---|---|---|---|
| **Labor**<br>2 EVENT TEMP BARTENDERS- TO ARRIVE AT 1:00 FOR SET UP. BAR CLOSES AT 715H. SEE CHRISTINE CHEF | 1 | $500.00 | $500.00 |
| **Assorted Mini Desserts & Holiday Cookies**<br>to include peppermint bark, candy cane cupcakes, mini desserts.<br>2 brownie trees-display outside of AB with coffee, china rented KL | 250 | $5.99 | $1,497.50 |
| **Beverage Napkins**<br>3 Boxes | 3 | $10.00 | $30.00 |
| **Imported Cheese display**<br>half cheese, some meats. see jayne | 100 | $16.95 | $1,695.00 |
| **Custom Item**<br>Carved Item<br>*Sage Butter Roasted Whole Turkey*<br>• *With Cider Gravy*<br>*mashed potatoes* | 145 | $13.99 | $2,028.55 |

tps://ssfc.catertrax.com/shopa_formatorder/NV.asp?orderid=48325&idfiel... 1/6/2015

| | | | |
|---|---|---|---|
| **Custom Item**<br><br>Flatbread Station to include the following selections<br><br>Butternut Squash, Ricotta, Sage and Chicken<br>Chorizo, peppers and onions<br>Margharita Pizza<br><br>**Meat Lovers**<br>**would be 25 pieces per selection** | 100 | $9.99 | $999.00 |
| **Custom Item**<br><br>Shrimp Cocktail PART OF THE DISPLAY | 400 | $3.50 | $1,400.00 |
| **Custom Item**<br><br>Wagu Beef Skirt Steak<br>pasta side dish | 145 | $13.99 | $2,028.55 |
| **Custom Item**<br><br>*Empanadas*<br><br>*Shrimp \| \| Vegetable (50 pieces of each)*<br><br>*Jalapeño, cheddar, Mexican spices in corn masa pastry*<br><br>Quesadilla's (100)<br>Chicken and Cheese<br><br>Mini Taco's -pulled pork (100 pieces)<br>Small Side of tortilla chips | 350 | $3.50 | $1,225.00 |
| **Custom Item**<br><br>Seared Rare Tuna | 100 | $5.25 | $525.00 |
| **Custom Item**<br><br>Crab Claws (200) | 200 | $4.50 | $900.00 |
| **Custom Item**<br><br>California Rolls | 100 | $3.75 | $375.00 |

| Order Totals | |
|---|---|
| Sub Total | $15,193.40 |
| Administrative Charge | $2,734.81 |
| Tax (7%) | $1,254.97 |
| Order Total | $19,183.18 |
| Balance Due | $19,183.18 |

Special Instructions

| CIVIL ACTION COVER SHEET | DOCKET NO(S) B.L.S. | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S) <br> [illegible handwriting] | | DEFENDANT(S) <br> [illegible handwriting] |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number <br> Robert Messinger — John Regan (651738) <br> [illegible address] <br> Boston, MA 02108 | | ATTORNEY (if known) |

Origin Code Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? *
__BE1__ _____ (B) (X) Yes ( ) No

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

See Schedule A

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record _____
DATE: _____

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                           SUPERIOR COURT
                                      DEPARTMENT OF THE TRIAL
                                      COURT

TRACEY LAZO, ET AL                    )
AND ALL OTHERS SIMILARLY SITUATED,    )
                                      )
        PLAINTIFF,                    )
                                      )
V.                                    )
                                      )
SODEXO, INC.                          )
                                      )
                                      )
                                      )
        DEFENDANTS.                   )
                                      )

**EX PARTE MOTION FOR SPECIAL PROCESS SERVER**

Plaintiff, Tracey Lazo, moves, ex parte, pursuant to Rule 4(c), that Mike Noble and his agents be appointed as special process server to serve any process that may issue in this action. Mr. Noble is a disinterested party and over the age of 18. Additionally, Mr. Noble is the owner and operator of Boston Corporate Attorney Services and has been in the business of serving process for over ten years. Further, Mr. Noble states that he has successfully served hundreds of summons and complaints without incident.

Date: August 13, 2015

AUG 1 7 2015