UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13366-GAO

TRACEY LAZO, JAMEN HARPER, MUSTAPHA JARRAF, NY'COLE YOUNG THOMAS,
and all others similarly situated,
Plaintiffs,

v.

SODEXO, INC.,
Defendant.

ORDER
March 29, 2017

O'TOOLE, D.J.

Currently pending before the Court are three motions: the plaintiffs' first Motion for Class Certification (dkt. no. 32), the plaintiffs' Amended Motion for Class Certification (dkt. no. 61), and the defendant's Motion to Strike the Plaintiffs' Amended Motion for Class Certification (dkt. no. 63). The competing motions flow from the parties' disparate interpretations of various court deadlines.

The original deadline for the filing of the plaintiffs' class certification motion was May 30, 2016, one month after the close of Phase I fact discovery on (1) the merits of the plaintiffs' individual claims and (2) whether class certification is appropriate. One week before the close of Phase I fact discovery and five weeks before the plaintiffs' certification motion was due, the defendant moved to compel discovery and to extend the Phase I discovery period. The plaintiffs did not oppose the request for an extension and, although they did not raise the question with the Court prior to their motion deadline, appear to represent that they believed the motion "would necessarily and reasonably have entailed extending the deadline for submission of the Plaintiffs'

motion for class certification." (Pls.' Reply to Def.'s Opp'n to Pls.' Am. Mot. for Class Certification 5 (dkt. no. 76); accord Pls.' Opp'n to Def.'s Mot. to Strike Pls.' Mot. for Class Certification 1-2 (dkt. no. 40).) The plaintiffs filed their Motion to Certify Class on June 16, 2016, and the defendant moved to strike the motion as untimely.[1]

At a subsequent hearing on the then-pending motions, which also included a summary judgment motion and a motion to strike the summary judgment motion, the Court indicated it considered the appropriate resolution to be a "Chapter 11 reorganization" where the parties would "just start again."[2] (Nov. 18, 2016 Tr. Mot. Hearing 10 (dkt. no. 59).) The Court permitted the defendant to take additional discovery in the form of depositions of the plaintiffs, and proposed that after discovery was completed, "there will be a motion to certify. It will be a new motion, and there will be a response, and we'll deal with it." (Id. 11; see also id. 14 (suggesting a "new motion to recast" the proposed class definition).) Both before and after the Court outlined that course of action, the defendant argued that the plaintiffs should not be permitted to file a new motion to certify and that, after the defendant took additional discovery, it should oppose the then-pending motion to certify. Ultimately, the parties and Court agreed to extend Phase I discovery for the defendant through January 31, 2017, and to set the "deadline to oppose class certification" for February 17, 2017. (Id. 15; see also Nov. 18, 2017 Clerk's Note (dkt. no. 57).)

On February 2, 2017, the plaintiffs filed their Amended Motion for Class Certification. On February 7, the defendant moved to strike the amended motion to certify and, on February 17,

---

[1] The plaintiffs also assert that the defendant did not complete its document production until May 25, 2016, five days prior to the original certification motion deadline.

[2] Hours before the hearing, the parties filed a stipulation of dismissal of the plaintiffs' individual claims, which, among other things, called into question the pertinence of the pending motion to compel. Additionally, the day before the hearing, new counsel entered an appearance on behalf of the plaintiffs.

opposed the plaintiffs' original Motion for Class Certification. The plaintiffs contend that the amended motion is based upon the "explicit statement" and "plain instructions" that the plaintiffs "would file a 'new motion' for class certification and there would be a Defendant's response to that motion after discovery was completed." (Pls.' Opp'n to Def.'s Mot. to Strike Pls.' Am. Mot. for Class Certification 1, 3 (dkt. no. 69); see also id. 2 (describing that they filed their amended motion "[i]n accordance with this Court's plain instructions").) The defendant maintains that the plaintiffs' amended motion is untimely as it was "clear" at the hearing and in the Clerk's Note that the Court "did not allow a new class certification." (Def.'s Reply Mem. of Law in Supp. of Def.'s Mot. to Strike Pls.' Am. Mot. for Class Certification 2 (dkt. no. 73).)

Regardless of what the Court intended with respect to the various deadlines, the only thing that is clear from the current posture of the case is that the resolution of the scheduling issues surrounding class certification was unclear. While the better—and most cost-efficient—course would have been for the parties simply to seek clarification before engaging in further motion practice, the Court takes plaintiffs' counsel at their word regarding their understanding of the purported ambiguities and therefore finds good cause to consider the plaintiffs' amended certification motion as timely filed and the original motion replaced.[3] See Fed. R. Civ. P. 6(b)(1)(A).

Consequently, the plaintiffs' first Motion for Class Certification (dkt. no. 32) is MOOT and the defendant's Motion to Strike (dkt. no. 63) is DENIED. The defendant's opposition to the

---

[3] With respect to the defendant's contention that the Court cannot extend the deadlines without a motion by the plaintiff, see Fed. R. Civ. P. 6(b)(1)(B), the Court notes that the defendant's motion to extend Phase I discovery, which the plaintiffs maintain would result in extending the motion for class certification deadline, was filed before the original deadline passed and the plaintiffs' amended motion was filed before the purported extended deadline expired. Of course, in light of the confusion, it would not have been misguided to have protectively sought an extension.

plaintiffs' Amended Motion for Class Certification is due within twenty-one (21) days of this Order,[4] and any reply by the plaintiffs is due fourteen (14) days thereafter.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

[4] The Court is mindful that the defendant has already expended the time and costs of opposing the original motion. However, in light of the conflicting interpretations of the Court's scheduling orders, the defendant likewise could have sought clarification or a stay of deadlines while its Motion to Strike was pending.