UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13366-GAO

TRACEY LAZO, JAMEN HARPER, MUSTAPHA JARRAF, NY'COLE YOUNG THOMAS,
and all others similarly situated,
Plaintiffs,

v.

SODEXO, INC.,
Defendant.

OPINION AND ORDER
September 29, 2018

O'TOOLE, D.J.

Tracey Lazo, Jamen Harper, and Mustapha Jarraf bring suit against Sodexo, Inc., for alleged violations of the Massachusetts Tips Act, Mass. Gen. Laws ch. 149, § 152A.[1] The plaintiffs claim that Sodexo unlawfully retained money collected from patrons as service charges, rather than remitting the monies to wait staff and service employees as the statute requires. Sodexo has moved for summary judgment.

**I.  Facts**

The following facts are undisputed unless otherwise noted:

A.  Sodexo's Operations at One Lincoln Street

Sodexo provides a number of different food service options at One Lincoln Street, Boston, for the two companies located in the building, State Street Bank and K&L Gates LLP. It operates

---

[1] The case was brought as a putative class action, but the Court previously denied class certification. Lazo v. Sodexo, Inc., No. CV 15-13366-GAO, 2017 WL 5147098, at *1 (D. Mass. Nov. 6, 2017).

a cafeteria for State Street and K&L Gates employees, which offers traditional cafeteria-style food service and delivery of items, such as boxed lunches, to meetings throughout the building. It also operates an Executive Dining Room ("EDR"). Like the cafeteria, the EDR only offers services to State Street and K&L Gates, and not the general public. Services offered by the EDR include on-site dining, on-site catering (with or without wait staff), drop-off catering, unmanned buffets, service ware, linen rental, stationary displays, and provision of items such as balloons and flowers. Drop-off catering and unmanned buffets typically do not involve the direct service of food to a customer as a guest; rather, food is dropped off before guests arrive or guests serve themselves.

Since June 2008, any order placed through the EDR has been subject to an 18% "administrative charge," which is retained by Sodexo.[2] (Aff. of Douglas J. Hoffman in Supp. of Sodexo's Mot. for Summ. J. ("Hoffman Aff."), Ex. A. Decl. of Roger Dubois ("Dubois Decl.") ¶ 13 (dkt. no. 100-1).) The charge applies to any service provided through the EDR, whether or not any wait staff employees are involved in the transaction. (Dubois Decl. ¶ 14–16.) The administrative charge appears on an invoice transmitted to the individual who books an order. With respect to State Street, the bills for EDR services are sent to the State Street accounts payable department for payment and are not presented to any person dining in the EDR or attending the event. State Street and K&L employees involved in booking have asked members of Sodexo management about the administrative charge many times, and Sodexo management always explained the purpose of the administrative charge, that it is retained by Sodexo, and that it is not a tip or gratuity distributed to wait staff. Beginning in September 2015, additional language was added to all EDR invoices: "The administrative charge does not represent a tip or service charge

---

[2] The "administrative charge" is not and has not been applied to services provided by the cafeteria in the building. (Dubois Decl. ¶ 13.)

for wait staff employees or bartenders." (Hoffman Aff., Ex. E Sodexo's Am. Resps. & Objects. to Lazo's First Interrogs. ("Sodexo's Interrogs. Resps.") 5–6 (dkt. no. 100-5).)

At least two Sodexo employees, the plaintiff, Mustapha Jarraf, and a co-worker, Constance Passanisi, aver that they were told by customers that they wanted to leave a tip, but that it had already been paid as part of the bill. Additionally, Passanisi avers that Sodexo management told customers that they did not need to tip and would not permit wait staff or bartenders to put out a tip jar.

<u>Sodexo's Operations at Plimoth Plantation</u>

Sodexo also provides services at Plimoth Plantation in Plymouth, Massachusetts. Sodexo offers a variety of different food service options, including a quick-service cafeteria and a series of themed dining opportunities for guests, such as a Thanksgiving Day Buffet and Harvest Dinner with the Pilgrims. Sodexo provides catering for private events such as weddings, showers, and meetings.

From 2009 through October 2015, invoices for catered events applied a 20% fee described as a "Staffing Charge" or "Support Charge." The invoice stated that the fee "is not a gratuity, but covers labor expenses for staffing your event and may exceed our actual labor cost. Additional line item labor charges may still apply." (Hoffman Aff., Ex. F Decl. of Elizabeth Derosier ("Derosier Decl.") ¶ 10 (dkt. no. 100-6).) In October 2015, the language was revised to state: "[A]ll food and beverage is subject to a 20% administrative fee and applicable state and local tax. The administrative fee does not represent a tip or service charge paid directly to wait staff, employees or bartenders; but is a charge to cover our operational costs and no additional gratuity is required." (<u>Id.</u> ¶ 10 n.1.)

Members of Sodexo management have sometimes been asked questions by Plimoth Plantation customers regarding the charge. Typically the questions have come from the customer booking the event. When asked, Sodexo managers confirmed to the customer that the charges are not tips or gratuities distributed to wait staff.

Jarraf avers that he was told by a customer that the customer wished to leave a tip but that the tip was already included with the price.

### B. The Plaintiffs

Jamen Harper worked as a wait staff and banquet support employee in the EDR at One Lincoln from November 2014 to May 2015.

Tracey Lazo worked as a wait staff employee, cashier, and barista at One Lincoln from May 2008 until June 2015.

Mustapha Jarraf worked at One Lincoln and at Plimoth Plantation. At Plimoth Plantation, Jarraf worked as a server. At One Lincoln, he was employed as a banquet captain in the EDR from August 2009 through September 2015. Sodexo highlights his banquet captain responsibilities that tend to be supervisory, such as scheduling other staff members and distributing and communicating work assignments to other employees, and notes that Jarraf and the other plaintiffs have characterized him as a supervisor in past proceedings. Jarraf acknowledges he performed tasks usually done by his manager at her direction and also called himself a supervisor to help gain the respect of the other employees.

## II. Discussion

The Massachusetts Tips Act "protect[s] the wages and tips of certain employees who fall within the ambit of the statute." Meshna v. Scrivanos, 27 N.E.3d 1253, 1257 (Mass. 2015) (alteration in original) (quoting Bednark v. Catania Hosp. Grp., 942 N.E.2d 1007, 1010 (Mass.

App. Ct. 2011)). The Tips Act essentially imposes liability on employers who fail to remit to protected employees tips, gratuities, and service charges to which the employees are entitled. Bednark, 942 N.E.2d at 1010–11. "The language and history" of the Act make clear that the Massachusetts "Legislature's intent in enacting the Act . . . [was] to ensure that service employees receive the tips, gratuities, and service charges that customers intend them to receive." DiFiore v. Am. Airlines, Inc., 910 N.E.2d 889, 893 (Mass. 2009).

The Tips Act provides in relevant part that if an "employer or person submits a bill, invoice or charge to a patron or other person that imposes a service charge or tip, the total proceeds of that service charge or tip shall be remitted only to the wait staff employees, service employees, or service bartenders in proportion to the service provided by those employees." Mass. Gen. Laws ch. 149, § 152A(d). A "service charge" is a "fee charged by an employer to a patron in lieu of a tip to any wait staff employee, service employee, or service bartender," including a fee that is labeled "as a service charge, tip, gratuity, or a fee that a patron or other consumer would reasonably expect to be given to a wait staff employee, service employee, or service bartender in lieu of, or in addition to, a tip." Id. § 152A(a).

The Tips Act, however, also provides employers with a safe harbor, authorizing them to impose on a patron "any house or administrative fee in addition to or instead of a service charge or tip," and retain the fee so long as "the employer provides a designation or written description of that house or administrative fee, which informs the patron that the fee does not represent a tip or service charge for wait staff employees, service employees, or service bartenders." Id. § 152A(d); accord Advisory 2004/3, An Advisory from the Attorney General's Fair Labor and Business Practices Division on an Act Protecting the Wages and Tips of Certain Employees ("Advisory 2004/3") ("Employers may impose an additional fee [which] . . . may be retained or

distributed by the employer at its discretion. It must be evident to customers that this fee is not a gratuity, tip or service charge."). The requirement that the employer inform the patron that the fee does not represent a tip reflects the state legislature's "concern that, absent such information, customers charged a fee by employers of wait staff employees will assume that the employer will remit that amount to its wait staff employees." Meshna, 27 N.E.3d at 1260. Whether a fee charged to customer but retained by the employer is protected by the safe harbor provision depends on whether the employer's actions are sufficient to "dispel the possibility that a patron would reasonably believe that the fee is a gratuity," see Bednark, 942 N.E.2d at 1015, i.e., given to the employees.

The gravamen of the plaintiffs' claim is that the fees charged at One Lincoln for EDR services and at Plimoth Plantation are "service charges" under the statute because customers would have reasonably expected those fees to be given to the wait staff employees. The defendants move for summary judgment, arguing generally that in relevant part that (1) the administrative charge at the EDR was not a "service charge" within the meaning of the Tips Act because it was not presented to "patrons" and, even if State Street and K&L Gates are considered "patrons," Sodexo made clear the administrative charge was not a tip or gratuity; and (2) it did not impose a "service charge" at Plimoth Plantation.

As to the EDR, it is not necessary to decide whether State Street and K&L Gates are "patron[s] or other person[s]" under the statute[3] because undisputed facts in the summary judgment record demonstrate that Sodexo informed them that the administrative fee does not represent a tip

---

[3] A "patron" is "any person who is served by a wait staff employee or service employee at any place where such employees perform work, including, but not limited to, any restaurant, banquet facility or other place at which prepared food or beverage is served, or any person who pays a tip or service charge to any wait staff employee, service employee, or service bartender." Mass. Gen. Laws ch. 149, § 152A(a).

6

or service charge for wait staff and is therefore protected under the safe harbor provision. See id. § 152A(d). The record shows that Sodexo managers made State Street and K&L Gates aware of the purpose of the administrative charge and that it was not distributed to wait staff. For example, Sodexo reports that "[o]n a number of occasions," Sodexo was asked about the charge by State Street employees, and, in "all such instances," they explained the charge. (Dubois Decl. ¶ 18). At K&L Gates, Sodexo managers "have verbally spoken with employees from K&L Gates when they have booked events in the EDR" and have explained the purpose of the charge. (Id. ¶ 19.) Additionally, Sodexo added clear language to its invoices in September 2015 explaining that the administrative charge "does not represent a tip or service charge for wait staff employees or bartenders." That is sufficient to "dispel the possibility that a patron would reasonably believe that the fee is a gratuity," see Bednark, 942 N.E.2d at 1015, and the plaintiffs have not offered any contradicting factual evidence suggesting otherwise. Because the undisputed facts show that Sodexo informed the patrons or other persons receiving the invoices for the EDR that the administrative fee did not represent a tip or service charge for wait staff employees, Sodexo is entitled to judgment a matter of law on the plaintiffs' EDR claim.[4]

As to Plimoth Plantation, the defendant contends that it was in compliance with the Tips Act at Plimoth Plantation under the safe harbor provision of the statute. I agree. The explanation on catering invoices describing that the "Staffing Charge" or "Support Charge" was "not a gratuity" in its early iteration and "does not represent at tip or service charge paid directly to wait staff, employees or bartenders" in its later iteration is sufficient to bring the charge within the §

---

[4] The Court also notes that Jarraf's EDR claims are untenable because the undisputed facts demonstrate he was not a wait staff employee as he had at least some managerial responsibility, including overseeing, supervising, scheduling, and distributing work. Mass. Gen. Laws ch. 149, § 152A(a); Matamoros v. Starbucks Corp., 699 F.3d 129, 133 (1st Cir. 2012); see also Advisory 2004/3.

152A(d) safe harbor provision. Both versions explicitly state that the charge is not a gratuity, and the second version takes the further step of notifying customers that the fee is not remitted to employees. Consequently, Sodexo has demonstrated as a matter of law that it satisfied the requirements of the § 152A(d) safe harbor provision with respect to the Plimoth Plantation fees and is therefore entitled to summary judgment on Jarraf's Plimoth Plantation Tips Act claim.

### III. Conclusion

For the foregoing reasons, the defendant's Motion for Summary Judgment (dkt. no. 98) is GRANTED. Judgment shall enter in favor of the defendant.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>
United States District Judge