# United States Court of Appeals
## For the First Circuit

---

No. 18-2009

TRACEY LAZO; JAMEN HARPER; MUSTAPHA JARRAF,

Plaintiffs, Appellants,

NY'COLE YOUNG THOMAS,

Plaintiff,

v.

SODEXO, INC.,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

---

Before

Lynch, Kayatta, and Barron,
Circuit Judges.

---

Edward A. Prisby, with whom Kajko, Weisman & Colasanti, LLP, John P. Regan, and Employee Rights Group, LLC were on brief, for appellants.
Douglas J. Hoffman, with whom Jonathan R. Shank and Jackson Lewis P.C. were on brief, for appellee.

---

July 23, 2019

---

**KAYATTA**, **Circuit Judge**. Employees of a food services and facilities company sued the company for alleged violations of the Massachusetts Tips Act. The employees sought class certification, which the district court denied. Three individual cases proceeded to summary judgment, at which point each subsequently failed. The plaintiffs now appeal the class-certification and summary-judgment rulings. For the following reasons, we affirm the entry of summary judgment without reaching the merits of the class certification issue.

## I.

Sodexo, Inc. provides food services and facilities management to a variety of educational, health care, and business institutions. It operates at various locations throughout Massachusetts, including at One Lincoln Street in Boston. At One Lincoln, Sodexo has two clients: K&L Gates LLP and State Street Bank. Sodexo operates a cafeteria for these clients' employees. It also operates an Executive Dining Room ("EDR") for both clients, offering on-site dining and catering, as well as non-direct services such as drop-off catering and unmanned buffets. These clients pay the invoices from Sodexo. Plaintiffs Tracey Lazo, Jamen Harper, and Mustapha Jarraf worked for Sodexo in the EDR in service capacities (e.g., as wait staff). Each began working in the EDR prior to September 2015.

Since June 2008, Sodexo has subjected any orders placed through the EDR to an eighteen percent "administrative charge." Sodexo retains the proceeds generated from this charge. The administrative charge appears on invoices seen by the individuals who book the order, not the people dining in the EDR. As of September 2015, invoices for EDR services state: "The administrative charge does not represent a tip or service charge for wait staff employees or bartenders." There is no evidence these invoices were seen by people dining there.

Sodexo also operates at the Plimoth Plantation in Plymouth, Massachusetts. Plaintiff Jarraf worked at Plimoth as a server. At Plimoth, Sodexo provides catering for private events such as weddings, showers, and meetings. From 2009 to 2015, invoices for these events contained a twenty percent "staffing charge" or "support charge." The invoices stated that the charge was "not a gratuity, but covers labor expenses for staffing your event and may exceed our actual labor cost." In October 2015, Sodexo changed the language to read:

> [A]ll food and beverage is subject to a 20% administrative fee and applicable state and local tax. The administrative fee does not represent a tip or service charge paid directly to wait staff, employees or bartenders but is a charge to cover our operational costs and no additional gratuity is required.

The plaintiffs brought suit against Sodexo for alleged violations of the Massachusetts Tips Act, Mass. Gen. Laws ch. 149, § 152A. In a nutshell, their claim is that the various administrative, support, and staffing charges belonged to them as tips. After conducting relevant discovery, the plaintiffs moved for class certification. Their proposed class encompassed "[a]t least 604 Sodexo food and beverage wait staff and service employees working at thirty-five (35) Massachusetts Sodexo locations where [Sodexo] has imposed, and improperly retained, a 'service charge,' on patron food and beverage purchases." The district court denied the motion for lack of sufficient commonality and typicality. See Lazo v. Sodexo, Inc., No. CV 15-13366-GAO, 2017 WL 5147098, at *5 (D. Mass. Nov. 6, 2017); see also Fed. R. Civ. P. 23(a)(2)-(3).

The three individual plaintiffs' cases proceeded to summary judgment, at which point the district court held that Sodexo's actions at both One Lincoln and Plimoth Plantation were protected under the safe harbor provision of the Tips Act and granted the defendants' summary-judgment motion. See Lazo v. Sodexo, Inc., No. CV 15-13366-GAO, 2018 WL 4696740, at *3-4 (D. Mass. Sept. 28, 2018).

The plaintiffs now appeal the district court's class-certification and summary-judgment decisions.

**II.**

At the plaintiffs' urging, and with Sodexo's acquiescence, we turn first to the summary-judgment issues. We review the district court's summary-judgment rulings de novo. See Zurich Am. Ins. Co. v. Elec. Me., LLC, 927 F.3d 33, 35 (1st Cir. 2019).

**A.**

Section 152A(d) of the Tips Act states, in part:

> If an employer or person submits a bill, invoice or charge to a patron or other person that imposes a service charge or tip, the total proceeds of that service charge or tip shall be remitted only to the wait staff employees, service employees, or service bartenders in proportion to the service provided by those employees.

Mass. Gen. Laws ch. 149, § 152A(d).

Section 152A(d) also contains a safe harbor provision, providing:

> Nothing in this section shall prohibit an employer from imposing on a patron any house or administrative fee in addition to or instead of a service charge or tip, if the employer provides a designation or written description of that house or administrative fee, which informs the patron that the fee does not represent a tip or service charge for wait staff employees, service employees, or service bartenders.

Id.

The plaintiffs first argue that Sodexo violated section 152A(d) because diners who were served in the EDR were

- 5 -

"patrons," as defined by the Tips Act, and were not informed that Sodexo's administrative charge was not a tip or service charge. We agree that EDR diners fall within the definition of "patron" because they were "served by . . . wait staff employee[s] or service employee[s] at a[] place where such employees perform work." Id. § 152A(a). However, we disagree that Sodexo had a duty to inform those diners that the administrative charge does not represent a tip or service charge. Under section 152A(d), the "designation or written description" need only be provided to patrons upon whom an employer "impose[s]" an administrative fee. Id. § 152A(d); see also Meshna v. Scrivanos, 27 N.E.3d 1253, 1260 (Mass. 2015) (explaining that section 152A(d)'s designation or written description requirement "reflects the Legislature's concern that, absent such information, customers charged a fee by employers of wait staff employees will assume that the employer will remit that amount to its wait staff employees" (emphasis added)); Impose, Black's Law Dictionary (11th ed. 2019) ("To levy or exact."). Those patrons upon whom a charge is imposed are the ones who are at risk of confusing an administrative charge with a service charge to the detriment of the service employees. See Bednark v. Catania Hosp. Grp., Inc., 942 N.E.2d 1007, 1015 (Mass. App. Ct. 2011) (noting that the purpose of the designation or written description is to "dispel the possibility" of such confusion). Nothing in the language of section 152A(d) indicates

- 6 -

that a patron who does not have to pay an administrative charge must be informed that the charge paid by someone else is not a service charge.

Here, because there is no evidence that Sodexo imposed any charge on diners who were served in the EDR, section 152A(d) does not require that any disclaimer be conveyed to those diners. To the extent that the plaintiffs are arguing that non-paying EDR diners would have nevertheless tipped the service employees but for being told by Sodexo employees that gratuities had already been covered, section 152A(d) does not provide the relief they seek. Section 152A(d) prohibits employers from retaining tips that customers intended to give to service employees -- it does not restrain employers from preventing tipping generally. Cf. Meshna, 27 N.E.3d at 1260 (holding that section 152A does not "require that employers of wait staff employees . . . permit customers to give tips to such employees").

The plaintiffs also challenge the district court's disposition of their claim regarding administrative charges imposed by Sodexo on K&L Gates and State Street prior to 2015. Until that time, Sodexo had not included on its EDR invoices any written description stating that the administrative charge was not a tip or gratuity for wait staff. But the plaintiffs do not dispute Sodexo's position that a verbal or oral designation suffices in lieu of a written description. See Bednark, 942 N.E.2d

- 7 -

at 1013 n.18 ("We also observe that the Act does not explicitly require a 'designation' to be in writing to be effective, just that it be 'provide[d]' and that it 'inform[]' the patron in the statutory sense." (alterations in original)). And the district court found that Sodexo made K&L Gates and State Street "aware of the purpose of the administrative charge." Lazo, 2018 WL 4696740, at *3. This finding is supported by one of Sodexo's interrogatory responses, as well as by the declaration of Sodexo's resident district manager for its State Street account, Roger Dubois. In the interrogatory response, Sodexo stated:

> During the relevant time period, State Street Bank and K&L Gates have been made aware of the purpose of the administrative charge, that it is retained by Sodexo, and is not a tip or gratuity for the wait staff. In addition, Sodexo management has explained the charge numerous times to any individual who has asked about it.

Similarly, Dubois's declaration stated that, "[o]n a number of occasions," he or another management staff member had been asked about the administrative charge by State Street employees and that, "[i]n all such instances," he or another management staff member "explained the purpose of the administrative charge, that it is applied to all events booked in the EDR, is retained by Sodexo, and that it is not a tip or gratuity that is distributed to wait staff." Dubois also stated that other Sodexo management staff had informed him that they had "verbally

- 8 -

spoken with employees from K&L Gates when they . . . booked events in the EDR" and that they offered the same explanation of the administrative charge.[1]

Once Sodexo took the position at summary judgment that the record failed to generate a genuine dispute of material fact as to whether it had made State Street and K&L Gates aware of the purpose of the administrative charge, it became the plaintiffs' burden "to proffer facts sufficient to rebut [Sodexo's] assertions." Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 40 (1st Cir. 2013). We reject the plaintiffs' claims because there is no evidence that Sodexo failed to make one of the foregoing disclosures to the paying entity regarding any event at which a plaintiff served.[2]

---

[1] To the extent that this statement is inadmissible hearsay that would ordinarily not be considered on summary judgment, Evergreen Partnering Grp., Inc. v. Pactiv Corp., 832 F.3d 1, 12 (1st Cir. 2016), we note that the district court was permitted to consider it because the plaintiffs did not raise any objection to the declaration below, see Bellone v. Southwick-Tolland Reg'l Sch. Dist., 748 F.3d 418, 420 n.2 (1st Cir. 2014).

[2] Plaintiff Jarraf also challenges the district court's finding that he "was not a wait staff employee [at the EDR] as he had at least some managerial responsibility," which precluded him from recovering under the Tips Act. See Matamoros v. Starbucks Corp., 699 F.3d 129 (1st Cir. 2012). We need not consider this argument, because even assuming that Jarraf is eligible under the Tips Act, his arguments concerning Sodexo's liability are unavailing, as explained above.

**B.**

Plaintiff Jarraf also focuses his appeal on the administrative charge Sodexo levied at Plimoth Plantation. Jarraf argues that there is a question of fact as to whether patrons understood the nature of the administrative charge. Specifically, Jarraf explains that during a Thanksgiving dinner event at Plimoth in 2016, a patron expressed his belief that a tip had already been included in the price for a ticket to the event. However, Sodexo's general manager for Plimoth stated that Sodexo only charges additional fees -- such as an administrative charge -- for private events, not for its Thanksgiving dining programs. Ticket prices to the Thanksgiving programs include only admission, food, beverage, and tax. Consistent with that testimony, Jarraf testified that he did not give the patron any invoice containing an administrative charge, nor did he know if the patron ever received such an invoice. On this record, we cannot conclude that there is a genuine issue of material fact concerning Sodexo's billing practices at Plimoth.

To the extent that Jarraf also argues that Sodexo violated the Tips Act when billing for private events (in contrast to the public Thanksgiving programs), we similarly find this claim unavailing. Up until October 2015, private event invoices at Plimoth stated that the twenty percent "staffing charge" or "support charge" was "not a gratuity." In October 2015, Sodexo

- 10 -

amended the language to explain that the administrative fee "does not represent a tip or service charge paid directly to wait staff, employees or bartenders but is a charge to cover our operational costs and no additional gratuity is required." Jarraf does not assert that these written descriptions were inadequate, and the presence of such written descriptions precludes liability. See Mass. Gen. Laws ch. 149, § 152A(d).

## III.

Having found that the plaintiffs' individual claims fail, we need not address whether the district court erred in denying class certification. For the reasons stated above, the district court's summary judgment decision is affirmed.

- 11 -